UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES MCINTOSH** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1719** |
| **ROBERT GOINGS, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court are two motions filed by plaintiff, James McIntosh ("McIntosh"). The first motion[1] "seeks an amendment" to the Court's recently filed judgment, which the Court entered after granting a motion for summary judgment in favor of defendants with respect to McIntosh's § 1983 claim. The second motion[2] seeks leave to file a reply memorandum in support of McIntosh's motion to amend. The Court will grant McIntosh leave to file his reply memorandum, which the Court has considered with respect to this order. The Court denies McIntosh's motion to amend the judgment.

### I.

McIntosh, an inmate at Rayburn Correctional Center ("RCC") in Angie, Louisiana, previously filed a petition[3] for damages in state court, alleging constitutional violations pursuant to 42 U.S.C. § 1983, as well as state law tort claims. As explained in detail in the Court's prior order, McIntosh maintains that the

---

[1] R. Doc. No. 68.
[2] R. Doc. No. 74.
[3] R. Doc. No. 1-1.

defendants attacked him without provocation, and afterwards they instituted unjustified prison disciplinary proceedings against McIntosh in which he was ultimately found guilty of the charges.[4]

Defendants removed[5] the state court action to this Court and eventually filed a motion[6] for summary judgment, arguing that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars McIntosh's § 1983 claim based on McIntosh's prison disciplinary convictions.[7] The Court agreed.[8] The Court then entered a judgment, dismissing McIntosh's § 1983 claim with prejudice "to its being asserted again until the *Heck* conditions are met."[9] The Court dismissed McIntosh's state law claims without prejudice to their being timely asserted in state court.[10]

Overall, McIntosh now seeks two forms of relief. First, with respect to his requested amendment to the judgment, McIntosh "prays that this Court stay rather than dismiss this matter with prejudice."[11] Second, for the first time in his reply memorandum, McIntosh requests that the Court remand his state law claims to Louisiana court.

---

[4] R. Doc. No. 66, at 1–10.
[5] R. Doc. No. 1.
[6] R. Doc. No. 43.
[7] R. Doc. No. 43-1, at 17.
[8] R. Doc. No. 66.
[9] R. Doc. No. 67, at 1.
[10] *Id.* at 2.
[11] R. Doc. No. 68.

II.

A.

McIntosh "seeks an amendment" to the Court's judgment "pursuant to FRCP 59 and 60[.]"[12] McIntosh does not reference a specific provision of either Rule 59 or Rule 60, so the Court must consider whether Mcintosh's request is a motion "to alter or amend," pursuant to Rule 59(e), or a motion for "relief from judgment," pursuant to Rule 60(b). *See, e.g., Jones v. Wells Fargo Bank, N.A.*, No. 17-8712, 2019 WL 5785037, at *1 (E.D. La. Nov. 6, 2019) (Feldman, J.) (explaining that courts must consider motions challenging a judgment under Rule 59(e) or Rule 60(b)).

"The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e)" rather than Rule 60(b). *Thompson v. Dep't of the Interior United States*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018) (Barbier, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). "[I]f the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b)." *Thompson*, 2018 WL 4909910, at *2.

---

[12] R. Doc. No. 68, at 1.

3

The Court entered its judgment on April 12, 2022.[13] McIntosh filed the motion to amend on April 13, 2022.[14] Therefore, the Court will treat McIntosh's motion as one "to alter or amend," pursuant to Rule 59(e).[15]

**B.**

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Templet*, 367 F.3d at 479). "Relief under Rule 59(e) requires a showing of (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear legal error or to prevent manifest injustice." *Farquhar v. Steen*, 611 F. App'x 796, 800 (5th Cir. 2015) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

Further, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *Templet*, 367 F.3d at 479; *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) ("a motion to alter or amend the judgment under

---

[13] R. Doc. No. 67.
[14] R. Doc. No. 68.
[15] Moreover, McIntosh does not request relief that is recognized under another provision of the rules. *See, e.g.*, Fed. R. Civ. P. 59(a) (providing grounds for a new trial).

Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'") (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Court must balance two important judicial imperatives in deciding a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479.

### III.

### A.

The Fifth Circuit has made clear "the effect of a dismissal of a civil rights claim under the holding of *Heck*." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). "When a claim comes within the parameters of the *Heck* teachings, it is not cognizable under 42 U.S.C. § 1983 until the plaintiff can show that the conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). A dismissal pursuant to *Heck* "do[es] not preclude a later claim meeting the preconditions for suit." *Id.* Accordingly, the Fifth Circuit's "preferred order of dismissal" should read that a plaintiff's "claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Id.* The Fifth Circuit has reaffirmed that dismissals containing *Johnson*'s preferred language allow

5

plaintiffs to "reassert their claims upon satisfying the *Heck* conditions." *Cook v. City of Tyler, Texas*, 974 F.3d 537, 539 (5th Cir. 2020). "That is, a *Heck* dismissal is a dismissal without prejudice." *Id*.

McIntosh's motion fails to identify any authority indicating that the Court erred in dismissing McIntosh's § 1983 claim with prejudice "to its being asserted again until the *Heck* conditions are met."[16] First, McIntosh cites to *Wallace v. Kato*, 549 U.S. 384 (2007). McIntosh makes the argument that "[i]f a plaintiff files a false-arrest claim *before he has been convicted* (or files any other claim related to rulings that will likely be made *in a pending or anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. at 393–394 (emphasis added). Here, unlike in *Wallace*, the prison disciplinary proceedings which formed the basis for the Court's dismissal under *Heck* resulted in disciplinary convictions, and the disciplinary charges have already been adjudicated. If McIntosh's prison disciplinary charges had not yet been adjudicated, a stay would be appropriate. However, that is not the posture of McIntosh's case.

Next, McIntosh cites to *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019), which is readily distinguishable. In *Hopkins*, the district court, acting *sua sponte*, dismissed a pretrial detainee's § 1983 action after concluding that the plaintiff's claims were barred by *Heck*. *Id*. at 352–353. The Fifth Circuit observed that "[i]f a *pretrial detainee* brings claims that may ultimately be barred by *Heck*, the best

---

[16] R. Doc. No. 67, at 1.

practice is for the district court to stay the proceedings until the pending criminal case is resolved." *Id.* at 355 (emphasis added).[17] Again, unlike *Hopkins*, McIntosh's prison disciplinary charges had already been adjudicated when the Court considered the defendants' motion for summary judgment.[18] The fact that McIntosh may still pursue his appeal of the hearing board's decisions in state court does not change McIntosh's current inability to "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486–487. McIntosh's motion to amend the judgment presents no manifest error of law or fact. Nor does the motion identify any newly discovered evidence.

Moreover, McIntosh had ample opportunity to raise his argument for a stay, but he failed to do so. On February 23, 2022, the Court held a telephone status conference with the parties.[19] At the status conference, defendants requested

---

[17] The Fifth Circuit noted that "Hopkins was convicted of aggravated sexual assault of an elderly or disabled victim on March 8, 2019." *Id.* at 355. At the time of the Fifth Circuit's opinion, "Hopkins's appeal [was] currently pending in state court." *Id.* Accordingly, in the Fifth Circuit's view, "the district court's *Heck* ruling was premature, and the court should have stayed Hopkins's § 1983 lawsuit until his pending criminal case was resolved." *Id.*

The district court entered its order dismissing Hopkins' § 1983 action on December 15, 2017. *See Hopkins v. Ogg*, No. 17-3423, 2017 WL 8790982 (N.D. Tex. Dec. 15, 2017). Therefore, the district court dismissed *sua sponte* Hopkin's § 1983 action fourteen months *before* his conviction was entered in state court.
[18] R. Doc. No. 66, at 8–9.
[19] R. Doc. No. 30 (minute entry).

7

permission to file a motion for summary judgment.[20] McIntosh's counsel informed the Court that "an appeal is pending with respect to plaintiff's prison disciplinary adjudications underlying this litigation," and in McIntosh's view "a stay of this case would be appropriate."[21] After conferring with defendants, defense counsel later agreed that McIntosh did have "two proceedings pending that concern his prison disciplinary adjudications," but that "defendants [did] not consent to a stay of the above-captioned matter."[22] In that posture, the Court permitted defendants to file a motion for summary judgment.[23]

McIntosh failed to raise any argument in opposition to defendants' motion for summary judgment that the Court should stay this matter.[24] Because McIntosh was clearly aware of his preference for a stay before the Court ruled on defendants' motion for summary judgment, McIntosh's Rule 59(e) motion "'cannot be used to raise arguments which could, and should, have been made before the judgment issued[.]'" *Rosenblatt*, 607 F.3d at 419 (5th Cir. 2010).

## B.

For the first time in his reply brief, McIntosh requests that the Court remand his state law claims rather than letting those claims remain as dismissed without

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *See generally* R. Doc. No. 49 (McIntosh's opposition to defendants' motion for summary judgment). Although McIntosh did generally reference the fact that he appealed the disciplinary board's findings, *see id.* at 1, 12, he presented no argument that the Court should stay this case based on his appeal. *Id.*

prejudice.[25] "The general rule in the Fifth Circuit and this District is that arguments raised for the first time in a reply brief are waived." *Jones v. Gusman*, 515 F. Supp. 3d 520, 540 (E.D. La. 2021) (Africk, J.) (collecting cases). As McIntosh did not raise this argument in his initial motion to amend or memorandum in support,[26] such argument is waived.

Even if McIntosh had raised this issue in his instant motion, his remand argument would nevertheless fail for two reasons. First, the motion for summary judgment clearly included McIntosh's state law claims within the ambit of defendants' *Heck* argument.[27] In opposing summary judgment, McIntosh never requested[28] that this Court remand his state law claims, and this argument "could, and should, have been made before the judgment issued[.]" *Rosenblatt*, 607 F.3d at 419 (5th Cir. 2010).[29]

Second, McIntosh bases his remand request on *Enochs v. Lampasas Cty.*, 641 F.3d 155 (5th Cir. 2011), which is instructive, but not in the way McIntosh imagines. In *Enochs*, the defendants removed the case—which initially involved federal and state law claims—to federal district court, and the plaintiff subsequently filed an

---

[25] R. Doc. No. 74-2, at 1.
[26] *See generally* R. Doc. No. 68 (motion); R. Doc. No. 68-2 (memorandum).
[27] R. Doc. No. 43-1, at 23 ("Since [McIntosh]'s state law claims arise out of the same facts that resulted in his convictions, and the conviction has not been reversed or invalidated, [McIntosh]'s state law claims against Defendant [Louisiana Department of Public Safety and Corrections] are barred by *Heck*.").
[28] *See generally* R. Doc. No. 49 (McIntosh's opposition to summary judgment).
[29] Indeed, McIntosh's failure to raise this argument in opposition to the defendants' motion for summary judgment *and* his failure to raise the issue at the outset of his motion to amend results in a Russian nesting doll of waiver.

unopposed motion to amend his complaint, thereby deleting all federal claims. 641 F.3d at 157. The plaintiff also filed a separate motion to remand. *Id.* The district court granted the motion to amend, but it denied the motion to remand. *Id.* at 158. The case then proceeded with only Texas state law claims, and the district court eventually entered summary judgment in favor of the defendants. *Id.* On appeal, the Fifth Circuit held that that the district court erred in denying the motion to remand when no federal claims remained in the case because "the district court failed to analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendant state law claims." *Id.*; *see also id.* at 163.

*Enochs* is factually inapposite as the court in that case exercised jurisdiction over the state law claims and dismissed them on a motion for summary judgment. In contrast, McIntosh's state law claims of negligence and *respondeat superior* were dismissed without prejudice "to their being timely asserted in state court,"[30] and McIntosh may take that path. This Court noted that "the general rule in the Fifth Circuit is to dismiss state law claims when the federal claims to which they are pendent are dismissed."[31] The Court also noted the criteria set forth in 28 U.S.C. § 1367(c) and the common law factors of "'judicial economy, convenience, fairness, and comity.'"[32] These are the exact same principles that the Fifth Circuit discussed in *Enochs*, and McIntosh identifies no portion of that opinion indicating any error here.

---

[30] R. Doc. No. 67, at 2.
[31] R. Doc. No. 66, at 20 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.3d 580, 585 (5th Cir. 1992)).
[32] R. Doc. No. 66, at 21 (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).

10

## IV.

All things considered, the Court's judgment incorporates *Johnson*'s[33] preferred dismissal language "nearly verbatim[.]" *Cook*, 974 F.3d at 539. McIntosh misunderstands the Court's judgment, which permits McIntosh to pursue his § 1983 claim once "the *Heck* conditions are met."[34] McIntosh has offered no reason for the Court to conclude that the extraordinary remedy of relief pursuant to Rule 59(e) is warranted. Accordingly,

**IT IS ORDERED** that McIntosh's motion[35] for leave to file a reply memorandum is **GRANTED**.

**IT IS FURTHER ORDERED** that McIntosh's motion[36] to amend the judgment is **DENIED**.

New Orleans, Louisiana, June 3, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[33] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).
[34] R. Doc. No. 67, at 1.
[35] R. Doc. No. 74.
[36] R. Doc. No. 68.